UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLY DAVIS WHITESIDE,

    Plaintiff,

v.

CITY OF COLUMBUS, et al.,

    Defendants.

Case No. 2:12-cv-1044
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on (1) Defendants' Motion to Dismiss (ECF No. 7 in Case Number 2:11-cv-518), (2) Defendants' Motion to Cancel Pretrial Conference and to Dismiss ("Defendants' Second Motion to Dismiss") (ECF No. 8), (3) Plaintiff's Response to the Show Cause Order and Motion to Appoint Counsel (ECF No. 10), and (4) Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 13). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss, **GRANTS** Plaintiff's Motion to File Sur-Reply, and **DENIES** both Defendants' Second Motion to Dismiss and Plaintiff's Motion to Appoint Counsel.

**I.**

On June 13, 2011, Plaintiff, Kimberly D. Whiteside, filed a complaint in this Court, Case No. 2:11-cv-518, alleging that on June 19, 2009, James Anthony Hill was wrongfully shot and killed by Columbus Police officers ("*Whiteside I*"). Plaintiff is Mr. Hill's mother and, since his death, the guardian of his children. On June 14, 2011, Plaintiff was granted permission to proceed *in forma pauperis*. On July 5, 2011, Defendants filed a motion to dismiss *Whiteside I*.

Plaintiff did not respond in opposition to the motion; however, she filed a voluntary dismissal of the action.

On November 13, 2012, Plaintiff filed the instant action simultaneously with a Motion to Proceed *In Forma Pauperis*. (ECF No. 1.) In the Complaint, Plaintiff incorporates the pleading she filed in *Whiteside 1*. (ECF No. 3.) She additionally alleges that she is the executor of her son's estate and that she believes that she was so named by the Probate Court before she filed *Whiteside 1*. *Id.*

On November 21, 2012, Magistrate Judge Mark R. Abel granted Plaintiff's Motion to Proceed *In Forma Pauperis* on the condition that she respond within 45 days to the Motion to Dismiss that Defendants had filed in *Whiteside 1*. (ECF No. 2.) In that motion, Defendants argued that an Ohio wrongful death action may only be asserted by the decedent's personal representative for the benefit of the decedent's beneficiaries and that Plaintiff filed the action on her own behalf, not as a representative of Mr. Hill's estate.

On February 12, 2013, Defendants filed their Second Motion to Dismiss. (ECF No. 8.) Defendants maintained that this action should be dismissed because Plaintiff failed to respond to the *Whiteside I* Motion to Dismiss as ordered by Magistrate Judge Abel.

On February 19, 2013, Magistrate Judge Abel issued a Show Cause Order, directing Plaintiff to show cause "on or before March 8, 2013 why this action should not be dismissed for failure to comply with the November 21, 2012 Order . . . ." (ECF No. at 2.) The Magistrate Judge also cancelled the preliminary pretrial conference.

On March 4, 2013, Plaintiff timely filed her Response to the Show Cause Order and Motion to Appoint Counsel. (ECF No. 10.) In that response, Plaintiff asserted in that she did not

Plaintiff did not respond in opposition to the motion; however, she filed a voluntary dismissal of the action.

On November 13, 2012, Plaintiff filed the instant action simultaneously with a Motion to Proceed *In Forma Pauperis*. (ECF No. 1.) In the Complaint, Plaintiff incorporates the pleading she filed in *Whiteside 1*. (ECF No. 3.) She additionally alleges that she is the executor of her son's estate and that she believes that she was so named by the Probate Court before she filed *Whiteside 1*. *Id.*

On November 21, 2012, Magistrate Judge Mark R. Abel granted Plaintiff's Motion to Proceed *In Forma Pauperis* on the condition that she respond within 45 days to the Motion to Dismiss that Defendants had filed in *Whiteside 1*. (ECF No. 2.) In that motion, Defendants argued that an Ohio wrongful death action may only be asserted by the decedent's personal representative for the benefit of the decedent's beneficiaries and that Plaintiff filed the action on her own behalf, not as a representative of Mr. Hill's estate.

On February 12, 2013, Defendants filed their Second Motion to Dismiss. (ECF No. 8.) Defendants maintained that this action should be dismissed because Plaintiff failed to respond to the *Whiteside I* Motion to Dismiss as ordered by Magistrate Judge Abel.

On February 19, 2013, Magistrate Judge Abel issued a Show Cause Order, directing Plaintiff to show cause "on or before March 8, 2013 why this action should not be dismissed for failure to comply with the November 21, 2012 Order . . . ." (ECF No. at 2.) The Magistrate Judge also cancelled the preliminary pretrial conference.

On March 4, 2013, Plaintiff timely filed her Response to the Show Cause Order and Motion to Appoint Counsel. (ECF No. 10.) In that response, Plaintiff asserted in that she did not

receive the Court's November 21, 2012, Order granting her permission to file *in forma pauperis* on the condition that she respond to the *Whiteside I* Motion to Dismiss. Defendants filed their reply to this combined response and motion on March 6, 2013. (ECF No. 11.)

On March 20, 2013, Plaintiff filed a Motion for Leave to File a Sur-Reply. (ECF No. 13.) In that motion, Plaintiff, *inter alia*, responds to Defendants' Motion to Dismiss filed in *Whiteside I*, claiming that she was appointed as the executor of her son's estate.

## II.

### A. Defendants' Second Motion to Dismiss and Plaintiff's Motion for Leave to File Sur-Reply

Defendants request dismissal of this action based on Plaintiff's failure to respond to the *Whiteside I* Motion to Dismiss as ordered by Magistrate Judge Abel. Plaintiff claims that she failed to timely respond because she did not receive the Order. The Court accepts Plaintiff's excuse for her failure to respond. Although Plaintiff requested several extensions of time in *Whiteside I*, she has not previously ignored this Court's orders. Therefore, the Court **DENIES** Defendants' Second Motion to Dismiss. (ECF No. 8.)

Further, the Court accepts Plaintiff's Motion to File Sur-Reply as an untimely response to Defendants' *Whiteside I* Motion to Dismiss. While Plaintiff is warned that the Court will not permit her to consistently miss deadlines it sets in orders or those set by the Local Rules and/or the Federal Civil Rules, the Court is inclined to reach the merits of a pending motion when, as here, there is no prejudice by the late filing. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply. (ECF No. 13.)

## B. Defendants' Motion to Dismiss filed in *Whiteside I*

### 1. Standards

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in favor of the plaintiff, accept the factual allegations contained in it as true, and determine whether the factual allegations present any plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–5570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted).

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed,

4

courts should not assume the role of advocate for the pro se litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

### 2. Analysis

Defendants argue that this matter should be dismissed because Plaintiff has not alleged that she is Mr. Hill's personal representative bringing the wrongful death action for the benefit of his beneficiaries. Defendants posit that "nowhere in the Complaint is it asserted that any of the three named plaintiffs[1] is the administrator or executor of decedent's estate." (*Whiteside I*, Def. Mot. to Dismiss at 4, ECF No. 7.) Defendants contend that, as Mr. Hill's mother and next of kin, "she may well qualify to act as the administratrix of the decedent's estate, but nowhere does she allege, . . . that she has been appointed to act as a fiduciary for the estate." *Id.* at 6. Defendants additionally argue that "[t]he statute of limitations has now elapsed [therefore] [e]ven if an estate were opened today, it would be of no avail, because of the statute of limitations." (Def. Reply to Pl. Response to Show Cause Order, ECF No. 11 at 2–3.)

Defendants are correct that Ohio's wrongful death statute, Ohio Revised Code 2125.01 *et seq.*, provides that a wrongful death claim may be enforced only by the decedent's personal representative for the benefit of the decedent's beneficiaries. Thus, to the extent that Plaintiff attempts to bring a wrongful death action in her name for her benefit, the Court **GRANTS** Defendants' dismissal request.

However, with regard to Plaintiff's designation as the administratrix of her son's estate, she added to the Complaint filed in the instant action:

---

[1] There were three named plaintiffs in *Whiteside I*.

5

> A Columbus, Ohio Attorney Isabella Thomas Dixon was Plaintiff's counsel in probate matters where Plaintiff signed several papers related to probate matters naming Plaintiff as executor of her son's estate, and it is Plaintiff's belief that Thomas-Dixon filed the papers in a lawful probate court prior to Plaintiff filing the original [*Whiteside I*] complaint as next of kin.

(Compl., ECF No. 3 at 1.)

Construing Plaintiff's complaint liberally, and making all reasonable inferences in her favor, the Court finds that Plaintiff has sufficiently alleged that she is the administratrix of her son's estate, and is therefore, permitted to bring this action for the benefit of its beneficiaries. That being said, the Court notes that to prevail in this action, it is Plaintiff's burden to provide evidence of her appointment as administratrix her son's estate. If Plaintiff, however, was not so appointed, the situation can be remedied and Ohio courts have permitted such in situations similar to the one at bar. That is, Ohio courts have permitted a plaintiff who honestly believed he or she was appointed as the executor of an estate, yet was not so appointed, to be permitted to remedy the situation and maintain a wrongful death action.

For example, in *Engles v. Yakubik*, Nos. 89-CA-37, 89-CA-38, 1990 Ohio App. LEXIS 3905 (Ohio Ct. App. Aug. 27, 1990), the mother of a decedent brought a wrongful death action as the administratrix of her son's estate. The defendants filed answers specifically denying that the mother was the administratrix of the decedent's estate. The case went to trial and at the close of the plaintiff's case the defendants moved for a directed verdict, arguing that the plaintiff failed to prove that she was ever appointed administratrix of her son's estate. The plaintiff reopened her case and testified that she honestly believed she was appointed administratrix. However, the probate clerk testified that no administrator had been appointed over the decedent's estate. The trial court granted the defendants' motion for directed verdict. The plaintiff then sought and was

6

granted appointment as the administratrix of her son's estate. The plaintiff filed a motion for a new trial, which the trial court granted. Defendants appealed. The appellate court held that the trial court acted within its discretion in granting the plaintiff's motion for a new trial because the plaintiff honestly believed that she had been appointed administratrix of her son's estate, honestly attempted to bring a wrongful death action for the benefit of the decedent's beneficiaries and next of kin, and had not intended fraud.

In its analysis, the *Engles* court first pointed out that Ohio's wrongful death statute "is procedural and remedial in its nature, and should be construed liberally." *Engles*, 1990 Ohio App. LEXIS 3905, at *4 (citing *Kyes, Administrator v. Pennsylvania Railroad Co.*, 158 Ohio St. 362, paragraphs 1 and 2 of the syllabus (Ohio 1952)). The court then explained:

> In *Douglas v. Daniels Bros. Coal Co.* (1939), 135 Ohio St. 641, a widow filed a wrongful death action under the mistaken belief that she had been appointed administratrix. In affirming the appellate court's reversal of a directed verdict for defendants, the Supreme Court stated:
>
>> 1. Where a widow institutes an action, as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute.
>
> *Douglas*, *supra*, paragrpah 1 of the syllabus.
>
> Therefore, we conclude that the trial court did not err in granting appellee's motion for a new trial and overrule appellants' assignments of error.

*Id.* at 4–5.

7

Consequently, the Court cannot, at this juncture, say that Plaintiff has failed to allege a plausible wrongful death action. Defendants' Motion to Dismiss is therefore **DENIED** to the extent that it requests dismissal of the wrongful death action brought on behalf of Mr. Hill's estate for the benefit of its beneficiaries. Plaintiff is **ORDERED** to submit within twenty (20) days a copy of her appointment as the executor or administratrix of her son's estate or to explain why this Court should not dismiss this action.

## C. Plaintiff's Motion to Appoint Counsel

Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* at 606. Because this action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claim, the motion for appointment of counsel is **DENIED** without prejudice to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757 (6th Cir. 1985).

## III.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss filed in *Whiteside I* (ECF No. 7 in Case Number 2:11-cv-518), **GRANTING** the motion to the extent that Plaintiff attempts to bring a wrongful death action in her name for her benefit and **DENYING** the motion to the extent that Plaintiff brings a wrongful death action as the adminstratrix of her son's estate for the benefit of its beneficiaries. Plaintiff is **ORDERED** to submit within twenty days (20) a copy of her appointment as the executor or administratrix of her son's estate or to explain why this Court should not dismiss this action. The

8

Court also **DENIES** Defendants' Second Motion to Dismiss (ECF No. 8), **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 10), and **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 13).

**IT IS SO ORDERED.**

7-25-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**